IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KENNETH J. JOHNSON,                    )
                                       )
            Plaintiff,                 )
                                       )
    v.                                 ) Civ. Action No. 11-620-GMS
                                       )
RACHEL CALLAHAN, et al.,               )
                                       )
            Defendants.                )

## MEMORANDUM

The plaintiff, Kenneth J. Johnson ("Johnson"), an inmate at the Howard R. Young

Correctional Institution ("HRYCI"), Wilmington, Delaware, filed this lawsuit pursuant to 42

U.S.C. § 1983.[1]  (D.I. 3.)  He appears *pro se* and was granted permission to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915.  (D.I. 5.)  The court now proceeds to review and screen

the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## I. BACKGROUND

Johnson was a participant in a life skills program and, when he voluntarily quit on August

12, 2010, he received a Class 1 write-up, found guilty, sanctioned, and transferred from the East

Wing to the West Wing of the HRYCI.  Johnson met with the defendant Rachel Callahan

("Callahan") on December 7, 2010 for a six-month classification review.  Callahan "misled and

verbally forced" Johnson to sign paperwork that he would participate in any institutional program

after he stated that he was not interested in the programs.  Callahan recommended Johnson for a

program.

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him
of a federal right, and that the person who caused the deprivation acted under color of state law.
*West v. Atkins,* 487 U.S. 42, 48 (1988).

On December 9, 2010, Johnson submitted a grievance and wrote to the defendant Warden Philip Morgan ("Warden Morgan") regarding Callahan's lack of understanding and harassment. Johnson's grievance was "not properly resolved." Johnson submitted a second grievance on June 16, 2011, complaining of Callahan's harassment.

Johnson met with the defendant Deputy Warden Mark Emig ("Emig') and Warden Morgan on April 20, 2011. Emig and Warden Morgan confirmed to Johnson that he is not required to participate in any program and could return to the East Wing. Johnson remains on the West Wing. Following the meeting, Johnson submitted a grievance on May 31, 2011 claiming discrimination and favoritism within the HRYCI because an inmate who also received a Class 1 writeup was returned to the East Wing, while Johnson has not.

Johnson claims that he is being harassed about a program that he is not sentenced to complete. Johnson seeks an injunctive relief.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Johnson proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent

-2-

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94

(citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a

court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal

theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-

28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67

F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an

inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §

1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on

12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R.

Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

However, before dismissing a complaint or claims for failure to state a claim upon which relief

may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court

must grant Johnson leave to amend his complaint unless amendment would be inequitable or

futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See*

*Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare

recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at

1949. When determining whether dismissal is appropriate, the court conducts a two-part

analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Johnson has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege Johnson's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Harassment

Johnson alleges that, even though his sentence does not require it, Callahan has been harassing him to participate in prison programs. The claim is not viable under 42 U.S.C. § 1983. *See Mimms v. U.N.I.C.O.R.*, 386 F. App'x 32, 34 (3d Cir. 2010) (not published). Verbal harassment of a prisoner, without more, does not violate the Eighth Amendment. *See, e.g., McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); *Prisoners' Legal Ass'n v. Roberson*, 822 F.Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights).

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

Plaintiff's claim of harassment is not cognizable under § 1983. Therefore, the court will dismiss it frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## B. Grievances

Johnson takes exception to the grievance process, particularly that there have been no rulings in his favor. The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (not published). To the extent that Johnson bases his claim upon his dissatisfaction with the grievance procedure or denial of his grievances, the claim fails because an inmate does not have a "free-standing constitutional right to an effective  grievance process." *Woods v. First Corr. Med., Inc.*, 2011 WL 3627393, at *2 (3d Cir. Aug. 18, 2011) (slip op.) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).

Johnson cannot maintain a constitutional claim based upon his perception that his grievances were denied or that the grievance process is inadequate. Therefore, the court will dismiss the grievance claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## C. Housing Assignment

Johnson takes exception to his current housing assignment. Johnson was housed on East Wing of the HRYCI but, after being sanctioned, he was transferred to the West Wing where he remains. He wishes to return to the East Wing.

It is well established that an inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level or security classification or a place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209 (2005); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Montayne v. Haymes*,

427 U.S. 236, 243 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Moreover, the custody

placement or classification of state prisoners within the State prison system is among the "wide

spectrum of discretionary actions that traditionally have been the business of prison

administrators rather than of the federal courts." *Meachum*, 427 U.S. at 225. Neither Delaware

law nor Delaware Department of Correction regulations create a liberty interest in a prisoner's

classification within an institution. *See* 11 Del. C. 6529(e). "'As long as the conditions or

degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon

him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself

subject an inmate's treatment by prison authorities to judicial oversight.'" *Hewitt v. Helms*, 459

U.S. 460, 468 (1983) (quoting *Montanye*, 427 U.S. at 242). It has thus been determined that the

transfer of a prisoner from one classification is unprotected by "'the Due Process Clause in and

of itself,'" even though the change in status involves a significant modification in conditions of

confinement. *Hewitt*, 459 U.S. at 468 (citation omitted); *Moody v. Daggett*, 429 U.S. 78 (1976 ).

The decision to house Plaintiff in the West Wing, rather than the East Wing, cannot be

viewed as falling outside the scope of "the sentence imposed upon him [or] otherwise violative

of the Constitution." Therefore, the court finds that Johnson fails to state a claim of

constitutional dimension with respect to his housing assignment and will dismiss the claim as

frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**D. Discrimination**

Johnson alleges that he was treated differently from another inmate when he served his

sanction but remained housed in the West Wing, while another inmate who served only a portion

of his sanction  was returned to the East Wing. The complaint indicates that Johnson was

-6-

sanctioned for quitting a life skills program. The other inmate was sanctioned for dangerous contraband (i.e., a razor blade). In essence, Johnson alleges a violation of his right to equal protection.

Johnson's discrimination claim does not implicate a suspect classification nor a fundamental right. To state a successful claim under § 1983 for a denial of equal protection under the Fourteenth Amendment when the plaintiff does not allege membership in a suspect class or interference with a fundamental right, a plaintiff must alleged that: (1) he is a member of an identifiable class; (2) he has been intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000); *see also Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 424 (3d Cir. 2000); *Price v. Cohen,* 715 F.2d 87, 91 (3d Cir. 1983) ("To establish a violation of the equal protection clause, a plaintiff must show that [an] allegedly offensive categorization invidiously discriminates against [a] disfavored group.")

Johnson has failed to adequately articulate how the Equal Protection Clause has been violated. The complaint does not speak to an identifiable class. Nor is the equal protection claim supported with facts that indicate that Johnson and the inmate to which he refers, were similarly situated, and that the alleged different treatment was the result of intentional discrimination. *See Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). Indeed, the complaint indicates that Johnson and the other inmate were sanctioned for different violations. Finally, it is evident in reading the complaint that Johnson's main concern is that he is not currently housed in the unit of his choice.

Based upon the foregoing, the court finds frivolous Johnson's claim of discrimination.

Therefore, the court will dismiss the claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and

§ 1915A(b)(1).

## IV. CONCLUSION

For the above reasons, the complaint will be dismissed as frivolous pursuant to 28 U.S.C.

§ 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Alston v.*

*Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d

Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

___ *Dec 20* ___, 2011
Wilmington, Delaware